## Case No. 4,070.

DRAPER et al. v. MORAN, KELLY & CO.

[N. Y. Times. Nov. 2, 1860.]

Circuit Court, D. New York. Nov. 1, 1860.

PATENTS—NOVELTY—SKIRTS.

[The Doughty & Draper patent for a "woven skeleton skirt" shows patentable novelty, and is valid.]

[Action at law by James Draper and others against Moran, Kelly & Co. for infringement of patent.]

NELSON, Circuit Justice. This was a suit brought by the plaintiffs against the defendants for an alleged infringement of letters patent of Doughty & Draper, for what is known as "the woven skeleton skirt." The case was brought to trial yesterday, and a verdict of $2,000 found by the jury against the defendants. The defence set up by the defendants was that the invention was not new, and was not patentable, and that the patent was void. In all of which the defendants failed, and the patent was sustained by the court and jury.

## Case No. 4,071.

DRAPER v. The O. C. CLARY et al.

[N. Y. Times, Jan. 20, 1863.]

District Court, S. D. New York. Jan., 1863.

ADMIRALTY — CONCURRENT ACTIONS IN REM AND IN PERSONAM.

[1. Concurrent actions in rem and in personam may be prosecuted in the same suit, under the supreme court rules.]

[2. There is no practical prejudice in incurring a duplicate responsibility, as the modification of the rules relieves the respondents from the double liability of stipulation or bail in the same cause.]

[3. The stipulation or bond in such a suit only covers the value of the property attached and surrendered.]

[This was a libel by David L. Draper against the brig O. C. Clary and Judson Philbrick and others. Respondents move to compel complainant to elect whether he will proceed in rem or in personam.]

Mr. Heath, for libelants.

Benedict, Burr & Benedict, for respondents.

BETTS, District Judge. The libel in this case was filed to recover for an alleged breach of charter party. Process was issued against the vessel, and also a foreign attachment against the respondents, her owners. The owner of the vessel appeared, and moved that the libelants be compelled to elect whether they would proceed against the defendants in personam or the vessel in rem.

HELD BY THE COURT: That the supreme court rules permit concurrent actions in rem and in personam in the same suit, and the elementary books also declare that to be the practice of the courts. That no practical prejudice can be experienced by respondents, incurring a duplicate responsibility in allowing both forms of action, as the modification of the rules by the supreme court relieves them from being subject to a double liability of stipulation or bail in the same cause. 10 How. [51 U. S.], Rules. The stipulation or bond only covers the value of the property seized and surrendered from arrest.

Motion denied.